IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Adonis K. Williams, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> Warden of Lee Correctional Institution, ) <br> ) <br> Respondent. ) <br> _____ ) | Civil Action No. 5:25-cv-3986-BHH <br><br> **ORDER** |

This matter is before the Court upon Petitioner Adonis K. Williams' ("Petitioner") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 36.) On October 20, 2025, Respondent filed a motion for summary judgment, and the matter was referred to a United States Magistrate Judge for preliminary review in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), D.S.C. (ECF Nos. 28, 29.) Because Petitioner is proceeding *pro se*, the Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising of the possible consequences of a failure to respond to the motion. (ECF No. 30.) Petitioner did not response to Respondent's motion.

On December 1, 2025, the Court issued an order directing Petitioner to advise the Court whether he wished to continue this case and directing Petitioner to file a response to Respondent's motion. (ECF No. 38.) Petitioner did not file a response.

On January 13, 2026, United States Magistrate Judge Kaymani D. West, issued a report and recommendation ("Report"), outlining the issues and recommending that the Court dismiss this action with prejudice for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (*Id.*)

Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record, the applicable law, and the findings of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 36), and the Court dismisses this case with prejudice for lack of prosecution, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982).**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

February 18, 2026
Charleston, South Carolina